

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| JOHNNY R. LEE, as Personal Representative of the Estate of Joshua Richard Lee and as Trustee for the Statutory Beneficiaries of Joshua Richard Lee, Deceased, | § § § § § § | |
| Plaintiff, | § | |
| vs. | § § | CIVIL ACTION NO. 7:17-00234-MGL |
| ROBERT HENRY CAMPBELL, LADONNA CAMPBELL, and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | § § § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO REMAND
AND GRANTING DEFENDANT STATE FARM'S MOTION TO CONSOLIDATE**

**I.    INTRODUCTION**

Plaintiff Johnny R. Lee, as the personal representative of the estate of Joshua Richard Lee (Joshua) and as the trustee for the statutory beneficiaries of Joshua, deceased, filed this case as an insurance declaratory action. Pending before the Court are (1) Plaintiff's motion to remand and (2) Defendant State Farm Mutual Automobile Insurance Company's (State Farm) motion to consolidate this case with *State Farm Fire & Casualty Insurance Company v. Horace Mills Sproull, III Pers. Representative of the Estate of Horace Mills Sproull, IV et al.*, Civil Action No. 7:16-3998-MGL (D.S.C) (collectively, the two actions). Having carefully considered the motions, the responses, the

record, the reply, and the applicable law, the Court will deny Plaintiff's motion to remand and grant State Farm's motion to consolidate.

## II.     FACTUAL AND PROCEDURAL HISTORY

The Court draws the relevant facts from Plaintiff's Motion to Remand. Plaintiff is, and Joshua was, a resident of South Carolina.

On October 11, 2015, Joshua, along with fellow passengers Horace Mills Sproull, IV, and Sarah VandeBerg, died after the driver of the car they were in (the car), James Robert Campbell (James), also deceased, lost control of the car and crashed (the accident). Another passenger, Felicia Ahlborg, survived. Defendants Robert Henry Campbell (Robert) and LaDonna Campbell (LaDonna) (collectively, the Campbells), the grandparents of James and the owners of the car, are also residents of South Carolina.

State Farm is a corporation organized and existing under the laws of the State of Illinois with its principal place of business there. It issued an automobile liability policy to LaDonna, which covered the car involved in the accident. Additionally, State Farm issued a Personal Liability Umbrella Policy (PLUP SC Policy) to the Campbells.

On November 22, 2016, a state court judge signed the Settlement Order as it relates to Plaintiff's claims of wrongful death and survival against the Campbells. This settlement concerned the automobile liability policy State Farm issued to LaDonna. In regards to the PLUP SC Policy, the Settlement Order noted a separate declaratory judgment would determine if additional coverage would be available.

Plaintiff signed a COVENANT NOT TO EXECUTE (the Covenant) on December 15, 2016, in favor of the Campbells in connection with the automobile accident. The Covenant relieved the Campbells from any additional personal liability regarding the accident.

On December 27, 2017, Plaintiff brought a suit against the Campbells and State Farm in the Court of Common Pleas of Spartanburg County, asserting claims of negligent entrustment and liability under the Family Purpose Doctrine concerning the PLUP SC Policy.

On the same day, State Farm filed a declaratory judgment action in this Court concerning claims arising out of the accident for the insurance proceeds of the PLUP SC Policy. State Farm seeks declaratory relief, pursuant to 28 U.S.C. § 2201, to determine the rights, status, and other legal relationship concerning claims of negligent entrustment and liability under the Family Purpose Doctrine made by Felicia Ahlborg, Plaintiff, Horace Mills Sproull, IV, and Sarah VandeBerg.

State Farm subsequently removed Plaintiff's state court matter to this Court. Plaintiff thereafter filed a motion to remand, to which State Farm filed a response. Also, State Farm filed a motion to consolidate, Plaintiff filed his response, and State Farm filed a reply. The Court, having been fully briefed on the relevant issues, is now prepared to adjudicate both motions.

### III. PLAINTIFF'S MOTION TO REMAND

#### A. *Standard of Review*

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). But, "[a] civil action otherwise removable solely on the basis of the jurisdiction under

section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

It is hornbook law a case filed or removed to this Court under 28 U.S.C. § 1332 on the basis of diversity of citizenship mandates there must be complete diversity between all named plaintiffs and all named defendants. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

In a case such as this, "[t]he burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). "From the beginning of the diversity jurisdiction, the rule in actions commenced by plaintiffs in federal court has been that the citizenship of the parties at the time of commencement of the action determines whether the requisite diversity exists." *Rowland v. Patterson*, 882 F.2d 97, 98 (4th Cir. 1989).

The Court is "obliged to construe removal jurisdiction strictly because of the 'significant federalism concerns' implicated." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (en banc) (quoting *Mulcahey*, 29 F.3d at 151). "Therefore, '[i]f federal jurisdiction is doubtful, a remand [to state court] is necessary.'" *Id*. (quoting *Mulcahey*, 29 F.3d at 151). Moreover, any ambiguity is to be construed against the removing party. *Her Majesty The Queen In Right of the Province of Ont. v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989).

When considering a motion to remand, the Court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1163-64 (5th Cir. 1988). The plaintiff is the master of the complaint and may avoid federal jurisdiction by exclusively relying upon state law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id*. § 1447(c).

### B.     Contentions of the Parties

In Plaintiff's motion to remand, he alleges this action involves only residents of the State of South Carolina.  According to Plaintiff, the Campbells presence in the lawsuit destroys complete diversity jurisdiction.  Plaintiff also argues diversity jurisdiction does not exist because State Farm is a resident of the State of South Carolina; but then concedes in his response to State Farm's motion to consolidate State Farm is not a citizen of South Carolina.

State Farm asserts this Court possesses diversity jurisdiction over the action because Plaintiff is a resident of South Carolina, State Farm is a resident of Illinois, and the Campbells, as a result of their relief from any personal liability through the Covenant, are "nominal" parties and, thus, the Court should refrain from considering their residence with regard to diversity jurisdiction.

### C.     Discussion and Analysis

This case presents a wrinkle that exists in diversity jurisdiction jurisprudence.  According to the Fourth Circuit, a party with no apparent stake in the litigation is deemed a "nominal" party, *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 257 (4th Cir. 2013).  And, despite the words of the § 1332 diversity statute, "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980).

The Court has reviewed the relevant the Covenant as well as the pertinent Settlement Order from state court.  As noted above, the state judge signed the Settlement Order, and the Campbells signed the Covenant, before Plaintiff filed his complaint in state court.  As also already observed,

5

the Court reviews the record to determine what the citizenship of the parties was at the time Plaintiff filed his complaint. *See Rowland*, 882 F.2d at 98.

At the time Plaintiff filed his complaint with the state court, because of the Covenant and Settlement Order, the Campbells had no personal exposure with regard to the accident. As such, they have no stake in this litigation whatsoever. Consequently, they are "nominal" parties whose residency is irrelevant for purposes for diversity jurisdiction.

Inasmuch as Plaintiff has conceded State Farm is not a resident of South Carolina, the Court need not spill any ink on this contention. Suffice it to say State Farm is a resident of Illinois and Plaintiff is a citizen of South Carolina. Accordingly, complete diversity exists between State Farm and Plaintiff.

For these reasons, the Court holds Plaintiff has failed to demonstrate Defendants lack the requisite complete diversity for this action to be heard by this Court. Therefore, the Court will deny Plaintiff's motion to remand.

## IV.  STATE FARM'S MOTION TO CONSOLIDATE

### A.  *Standard of Review*

"If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions;(2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42.

"[C]onsolidation decisions are 'necessarily committed to trial court discretion' and reviewed only for abuse of discretion." *Am. Whitewater v. Tidwell*, 770 F.3d 1108, 1122 n.7 (4th Cir. 2014) (quoting *Arnold v. E. Airlines, Inc.*, 681 F.2d 186, 192 (4th Cir.1982)) (stating it saw "no basis for

disturbing its judgment about how best to manage its docket[ ]"). "Questions of trial management are quintessentially the province of the district courts." *United States v. Smith*, 452 F.3d 323, 332 (4th Cir. 2006).

### B. *Contentions of Parties*

State Farm contends the two actions involve common questions of law and fact. They also maintain judicial convenience and economy will be promoted by a consolidation of the actions; and the Court's joining of the two actions will not delay the final disposition of this matter.

According to Plaintiff, if the Court grants his motion to remand, the state court's final determination on the issues presented in this suit would be applicable to all parties with similar interests under the doctrine of res judicata. The final disposition of this matter will not be delayed if this Court refuses to consolidate.

### C. *Discussion and Analysis*

The Court need not linger here long. Plaintiff fails to take issue with any of State Farm's contentions as to why consolidation is appropriate except to (1) make an argument for remand and (2) take a position counter to State Farm, but without presenting any argument whatsoever.

As to Plaintiff's remand argument, it is necessarily moot in that the Court is denying his motion to remand. And regarding his undeveloped argument, a summary statement of a claim is insufficient to actually raise a claim. *See Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396 n.* (4th Cir. 2014) (noting that failure to present legal arguments waives the argument). Consequently, this "perfunctory and undeveloped claim [by Plaintiff is deemed] waived." *Id*.

As such, because the Court agrees with State Farm the two actions entail common questions of law and fact, consolidation of the two actions supports the twin aims of judicial convenience and economy, and the Court's banding of the two actions will not impede the ultimate adjudication of this action, the Court will grant State Farm's motion to consolidate.

## V. CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of this Court Plaintiff's motion to remand is **DENIED** and State Farm's motion to consolidate is **GRANTED**.

**IT IS SO ORDERED**.

Signed this 21st day of June, 2017, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE