UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| State Farm Fire & Casualty Insurance Company, | ) ) ) ) | |
| Plaintiff, | ) ) ) | Case No. 7:16-cv-03998-AMQ<br>Case No. 7:17-cv-00234-AMQ |
| vs. | ) ) | |
| Horace Miller Sproull, III, Personal Representative of the Estate of Horace Miller Sproull, IV, Johnny R. Lee, Personal Representative of the Estate of Joshua Lee, Todd Harlan Vande Berg, Personal Representative of the Estate of Sarah Vande Berg, Felicia Ahlborg, LaDonna Campbell, Robert Henry Campbell and Shawn M. Campbell, Personal Representative of the Estate of James Robert Campbell, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **OPINION AND ORDER** |
| Defendants. | ) ) | |
| Johnny R. Lee, Personal Representative of the Estate of Joshua Lee, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| Robert Henry Campbell, LaDonna Campbell, State Farm Mutual Automobile Insurance Company, Defendants. | ) ) ) ) ) ) | |

This is an action for declaratory relief brought pursuant to 28 U.S.C. § 2201 concerning

claims for insurance coverage arising out of an accident. Before this Court is the Motion for

1

Summary Judgment filed by State Farm Fire and Casualty Insurance Company (hereinafter "State Farm")[1] brought pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 53.) The Court held a hearing on this motion on May 30, 2018, and has considered the arguments of the parties, as well as the briefing submitted and the entire record in this case. For the reasons set forth herein, this Court grants in part and denies in part the Motion as set forth herein.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff State Farm filed this action on December 27, 2016, seeking a declaration regarding the rights, status and legal relationship of the parties concerning claims for insurance coverage arising out of an accident that occurred on October 11, 2015. (ECF No. 1 at ¶ 1.) The accident involved a vehicle owned by LaDonna Campbell and operated by her grandson, James Robert Campbell, deceased ("James"). The insurance policy at issue in this case was issued by State Farm to LaDonna and her husband, Robert Campbell, residents of Greenville County, South Carolina. (ECF No. 1 at ¶ 1.) Jurisdiction is premised upon 28 U.S.C. § 1332 based on the diversity of citizenship amongst the parties and the amount in controversy exceeding $75,000.

As alleged in the complaint, on or about October 11, 2015, James was a student at the University of South Carolina Upstate and resided in Spartanburg County at the time of the accident. (ECF No. 1 at ¶ 9.) James was driving a 2014 Ford Mustang owned by his grandmother when he was involved in a single car accident. (ECF No. 1 at ¶ 9.) Horace Miller Sproull, IV, Joshua Lee and Sarah Vande Berg, who were passengers, died in the accident.

---

[1] A related matter, case number 7:17-cv-00234, brought by Johnny R. Lee and removed to federal court was filed against State Farm Mutual Automobile Insurance Company. For the purposes of this motion, the Court will refer to both entities as "State Farm."

Felicia Ahlborg, who was also a passenger, was injured in the accident, but survived. James also died in the accident. (ECF No. 1 at ¶ 9.)

State Farm Mutual Automobile Insurance Company had issued an automobile liability policy to LaDonna Campbell which covered the automobile involved in the accident. (ECF No. 1 at ¶ 10.) LaDonna and Robert Campbell were also insured under a State Farm personal liability umbrella policy, which is described in the record as PLUP SC Policy #4BVG578-5/Forms: FP/7950/2 (hereinafter the "PLUP SC Policy"). Settlements have been accepted and approved in state court as it relates to the automobile liability policy and UIM (underinsured) automobile policy limits and the claims of the guest passengers. (ECF No. 1 at ¶ 12.) Thus, it is the PLUP SC Policy that is at issue in this case.

State Farm's complaint for declaratory judgment in this case makes reference to certain "claims" asserted by the Defendants Johnny R. Lee, Todd Harlan Vande Berg, and Horace Miller Sproull, III (hereinafter "Defendants") against LaDonna Campbell and Robert Campbell for insurance coverage under the PLUP SC Policy. (ECF No. 1 at ¶¶ 9, 13.) In its complaint, State Farm alleges that James was not an insured under the PLUP SC Policy. State Farm also claims that the policy does not provide coverage for any such claims asserted against LaDonna and Robert Campbell, including any "potential claim under the Family Purpose Doctrine or under a theory of negligent entrustment in connection with the use of the vehicle by James Robert Campbell (deceased) in the above-referenced accident." (ECF No. 1 at ¶ 13.) State Farm asserts three "causes of action" in this regard: (1) "James Robert Campbell was not covered under his grandparents' personal liability umbrella policy (PLUP);" (2) "there is no valid claim for negligent entrustment with regard to coverage under the personal liability umbrella policy issued to LaDonna Campbell and Robert Henry Campbell;" and (3) "there is no valid claim

under the Family Purpose Doctrine for coverage under the personal liability umbrella policy issued to LaDonna Campbell and Robert Henry Campbell." (ECF No. 1.) Because State Farm contends that the facts and circumstances of the automobile accident do not give rise to claims under these South Carolina legal doctrines, it asserts that it is entitled to a declaration that no coverage is available under the PLUP SC Policy in connection with any claims. (ECF No. 1 at ¶ 23.)

Previously, the Honorable Mary G. Lewis granted State Farm's Motion to Consolidate the instant civil action with *Johnny R. Lee, Personal Representative of the Estate of Joshua Lee v. Robert Henry Campbell et al.*, Civil Action No. 7:17-00234 (D.S.C) (hereinafter the "Related Action"), and denied motion to remand filed by Johnny R. Lee concerning diversity jurisdiction filed in that case. (ECF No. 46.) Additional factual background and procedural history is set forth in that opinion and order and need not be repeated here. For the purposes of this motion, the Court highlights that the Related Action was a declaratory judgment action initially filed in state court by Johnny R. Lee concerning potential additional coverage with regard to the PLUP SC Policy. The Related Action was subsequently removed to this Court by State Farm. The Declaratory Judgment Action filed by State Farm (Case No. 7:16-cv-03998) was designated by the Court as the lead case for filing purposes. (ECF No. 47.)

On December 4, 2017, Plaintiff State Farm filed the instant Motion for Summary Judgment.[2] (ECF No. 53.) Defendants filed a Response in Opposition to Summary Judgment on February 23, 2018. (ECF No. 64.) State Farm's Reply to the Response in Opposition to the Motion for Summary Judgment was filed on March 9, 2018. (ECF No. 67.)

---

[2] Although State Farm did not formally file a Motion for Summary Judgment in the Related Action, counsel for State Farm has indicated to the Court that it intended to do so, and the parties filed responses to the Motion in both cases. The Court's order will be entered in both cases and the Court's reasoning applies in both matters to the extent the issues are relevant and dispositive.

4

## **STANDARDS OF REVIEW**

**Summary Judgment:**

A court shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed.R.Civ.P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir.1985).

Further, at the summary judgment stage, the judge is not to weigh the evidence, but rather determine if there is a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Thus, at the summary judgment phase, "[t]he pertinent inquiry is whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."

*Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, No. 17-1503, 2018 WL 1916320, at *3 (4th Cir. Apr. 24, 2018)(internal citation and quotation marks omitted). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir.1996).

**Declaratory Judgment:**

The Federal Declaratory Judgment Act provides this Court with significant discretionary power to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 256 (4th Cir. 1996)(citing 28 U.S.C. § 2201(a)). Federal courts frequently use federal declaratory judgment actions to resolve "disputes over liability insurance coverage, even in advance of judgment against the insured on the underlying claim for which coverage is sought." *Auto-Owners Ins. Co. v. Madison at Park W. Prop. Owners Ass'n, Inc.,* 834 F. Supp. 2d 437, 442–43 (D.S.C. 2011)(internal citations and quotations omitted).

The Fourth Circuit has explained that a declaratory judgment action is appropriate: (1) "when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue," and (2) "when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 256 (4th Cir. 1996)(internal citations and quotations omitted). The Court must also consider whether the declaratory judgment controversy can be better settled in the pending state court action, as well as the general principles of federalism, efficiency and comity when making its discretionary decision whether to entertain the declaratory judgment action. *Id.* at 256-267. After carefully

considering the factors above, the Court finds it appropriate to issue a declaratory judgment relative to a narrow coverage issue presented by State Farm's Motion as further addressed below.

## ANALYSIS

State Farm's Motion for Summary Judgment raises three arguments, each of which the Court will consider in turn.

### A. Whether LaDonna and Robert Henry Campbell's grandson, James Robert Campbell was an "insured" under the PLUP SC Policy.

State Farm moves for summary judgment on the grounds that James was not an insured under the PLUP SC Policy. (ECF No. 53-1 at 4.) The PLUP SC Policy contains the following relevant provisions:

> **COVERAGE L – PERSONAL LIABILITY**
>
> If a claim is made or suit is brought against an insured for damages because of a loss for which the insured is legally liable and to which this policy applies, we will pay on behalf of the insured, the damages that exceed the retained limit. The most we will pay for such loss is the Coverage L Limit of Liability, as shown on the declarations page, regardless of the number of insureds who may be liable, claims made, or persons injured.
>
> DEFINITIONS
>
> 6. "insured" means:
>    a. you and your relatives whose primary residence is your household;
>    b. any other human being under the age of 21 whose primary residence is your household and who is in the care of a person described in 6.a.
>    c. any other person or organization to the extent they are liable for the use of an automobile, recreational motor vehicle or watercraft by a person included in 6.a. or 6.b.

As noted above, the relevant policy language defines "insured" to include "you and your relatives whose primary residence is your household." (ECF No. 53-2 at 8.) "Relative" is defined in the policy as "any person who is related to you by blood, adoption or marriage." (ECF

7

No. 53-2 at 9.) The narrow question presented here is one of coverage under the PLUP SC Policy. If LaDonna and Robert Campbell are the named insured on the PLUP SC policy, the Court must determine whether James, who caused the underlying accident was a primary resident of their household, thereby qualifying as an "insured" under the PLUP SC Policy.

Under South Carolina law, insurance policies are subject to the general rules of contract construction. *B.L.G. Enters., Inc. v. First Fin. Ins. Co.,* 334 S.C. 529, 535, 514 S.E.2d 327, 330 (1999). The Court must give the policy language its plain, ordinary, and popular meaning. *Id.* When a contract is unambiguous, clear, and explicit, it must be construed according to the terms the parties have used. *Id.* Further, "[w]here the terms of a contract are clear and unambiguous as a matter of law, its construction is for the court." *Black v. Freeman*, 274 S.C. 272, 273, 262 S.E.2d 879, 880 (1980). The Court's only role here is to interpret the insurance policy provisions according to its plain meaning and South Carolina law.

The relevant test for determining whether James was a resident of the LaDonna and Robert Campbell household under South Carolina law is set forth in *State Farm Fire & Casualty Company v. Breazell*, 324 S.C. 228, 478 S.E.2d 831 (1996). In that declaratory judgment action to determine coverage under a homeowner's insurance policy for the death of a foster child living with the insureds, the South Carolina Supreme Court held that the determination of residence should be based on three factors: "1) living under the same roof; 2) in a close, intimate and informal relationship, and 3) where the intended duration of the relationship is likely to be substantial, where it is consistent with the informality of the relationship, and from which it is reasonable to conclude that the parties would consider the relationship in contracting about such matters as insurance or in their conduct in reliance thereon." *State Farm Fire & Cas. Co. v. Breazell*, 324 S.C. 228, 231, 478 S.E.2d 831, 832 (1996).

Based on the record and the applicable law, the Court finds that James's primary residence was not his grandparent's household. It is undisputed that James Campbell was a student a University of South Carolina Upstate. (ECF No. 64 at 1.) Testimony from LaDonna Campbell indicates that James Campbell did not go to his grandparents' house to spend the night and was living in an apartment in Spartanburg at the relevant time. (ECF No. 53-4 at 13, 15.) She testified that James did not come over to their house to do any type of work nor did he pay bills there. (ECF No. 53-4 at 14.) James's father, Robert Campbell, testified that James was sub-leasing an apartment in Spartanburg while he was in college and at the time of the incident. (ECF No. 53-6 at 13.) Otherwise, his father testified that he lived at home with his parents. (ECF No. 53-6 at 13-14.) Robert Campbell also testified that James never went to his grandparents' house to spend the night. (ECF No. 53-6 at 15.) Defendants do not dispute this testimony. In fact, at the hearing in this matter, Defendants conceded that State Farm had the better argument on this point. Therefore, the Court finds, as a matter of law, that James Robert Campbell, was not an "insured" under the PLUP SC Policy issued to LaDonna and Robert Campbell because he was not a relative "whose primary residence" was in their household.

**B. Whether LaDonna and Robert Campbell are potentially liable under the Family Purpose Doctrine in South Carolina in connection with the accident.**

State Farm also moves for summary judgment on the ground that "LaDonna Campbell and Robert Campbell are not potentially liable under the Family Purpose Doctrine in South Carolina in connection with this accident." (ECF No. 53-1 at 4.) State Farm contends that the evidence in the record, including the deposition testimony of several family members, does not support a claim that LaDonna and Robert Campbell are liable under the Family Purpose Doctrine as James was only a permissive user of the vehicle and was not a member of the household with general authority to use the vehicle for general family use. (ECF No. 53-1 at 17.) The doctrine is

9

a species of agency liability "based on the theory that one 'who has made it his business to furnish a car for the use of his family is liable as principal or master when such business is being carried out by a family member using the vehicle for its intended purpose[.]'" *Campbell v. Paschal*, 290 S.C. 1, 8, 347 S.E.2d 892, 897 (Ct. App. 1986). Where the doctrine applies, the vehicle's owner is liable for the negligence of the family member having general authority to operate the vehicle for family general use. *Id.* The moving Defendants oppose the motion, arguing that LaDonna and Robert Campbell "could also potentially be held liable for this accident under the family purpose doctrine." (ECF No. 64 at 10.) Defendants argue that Robert and LaDonna's liability under the doctrine should be one for the jury in that evidence in the record indicates that the vehicle was made available for use by the family and extended family. (ECF No. 64 at 12.)

Inasmuch as James Robert Campbell is not an "insured" under the policy, pursuant to "Coverage L – Personal Liability" of the PLUP SC Policy, insurance coverage is only available for "a loss for which the insured [either LaDonna Campbell or Robert Henry Campbell] is legally liable." Thus, either LaDonna or Robert Campbell would have to be found personally liable in order for there to be insurance coverage under the PLUP SC Policy. (ECF No. 53-2 at 12.) Although State Farm asks the Court to enter summary judgment in its favor and issue an order declaring that the PLUP SC Policy does not provide insurance coverage for the claims under the Family Purpose Doctrine brought by Defendants, its Motion necessarily asks the Court to make a preemptive ruling on that issue of liability as it pertains to state law tort theories. More specifically, State Farm's Motion asks this Court to determine whether La Donna and Robert Campbell are liable under the Family Purpose Doctrine. The negligence action, however, was not brought before this Court. Those claims were brought in a later filed underlying state

court action, J*ohnny Lee, individually and as Personal Representative of the Estate of Joshua Lee vs. Robert Henry Campbell, LaDonna Campbell and Estate of James Campbell*, in the South Carolina Court of Common Pleas, County of Spartanburg, Case No. 2018-CP-42-00646. This Court takes judicial notice of same. Fed. R.Evid. 201(b)(2).

In ruling in a declaratory judgment action, the Court should not decide issues extending beyond coverage, or determine disputed factual issues that are key to an insured's liability in an underlying suit. *See Dann Marine Towing, LC v. St. Paul Fire & Marine Ins., Co.*, No. CIV.A.2:01-2766-18, 2002 WL 34455167, at *2–3 (D.S.C. Apr. 23, 2002)(internal citations and quotations omitted)("It is inappropriate to use the declaratory judgment statute in what would otherwise be a run-of-the-mill negligence action."); *Johnson v. McCuskey*, 72 F. App'x 475, 478 (7th Cir. 2003)("Declaratory judgments are not meant simply to proclaim that one party is liable to another."). Further, the declaratory judgment statute should not be used to "try a controversy by piecemeal, or try particular issues without settling the entire controversy, or to interfere with an action which has already been instituted." *Allied-Gen. Nuclear Servs. v. Commonwealth Edison Co.*, 675 F.2d 610, 611 (4th Cir. 1982)(internal citations and quotations omitted). It should not be used to resolve factual disputes or adjudicate LaDonna and James Campbell's potential liability in an underlying suit or for underlying claims. Those matters are the subject of a lawsuit in state court, in which Defendants directly allege a cause of action for liability under the Family Purpose Doctrine. That lawsuit remains pending. Indeed, "declaratory judgments to resolve issues in pending tort cases should be rare." *Nautilus Ins. Co. v. BSA Ltd. P'ship*, 602 F. Supp. 2d 641, 649 (D. Md. 2009); *see also Wood v. Walton*, No. CIV. WDQ-09-3398, 2011 WL 3439308, at *5 (D. Md. Aug. 4, 2011)(staying declaratory action pending the resolution of a tort case in order to prevent inconsistencies and noting that both actions required resolution of the

same legal issues which could be decided differently between the federal court judge and a jury in the underlying tort case).

State Farm may be correct in its argument about the Family Purpose Doctrine. This Order should not be construed as suggesting otherwise. However, that is a matter for the state court, not this Court. For these reasons, the Court declines to grant summary judgment as it pertains to State Farm's argument on LaDonna and Robert Campbell's potential liability under the Family Purpose Doctrine or make any factual findings that may be made, and may be material, in the pending state court action at this stage of this proceeding.[3]

### C. Whether LaDonna and Robert Campbell are potentially liable under South Carolina law under a theory of negligent entrustment.

The third issue raised in connection with State Farm's Motion for Summary Judgment is whether LaDonna and Robert Campbell are potentially liable under the South Carolina tort law theory of negligent entrustment. (ECF No. 53-1 at 17). State Farm maintains that the record in this case demonstrates as a matter of law that the elements of negligent entrustment are not present in this case. (ECF No. 53-1 at 19.) Relying primarily on the case *Gadson v. ECO Services of South Carolina, Inc.*, 374 S.C. 171, 648 S.E.2d 585 (2007), State Farm takes the position that knowledge of or knowledge imputable to the owner that the driver was either addicted to intoxicants or had a habit of drinking is a required element of negligent entrustment. (ECF No. 53-1 at 17.) State Farm argues that the record evidence does not show that LaDonna and Robert had such knowledge concerning James. (ECF No. 53-1 at 19.) State Farm further

---

[3] Based on the briefs, this Court was under the initial impression that the parties were in agreement in seeking a ruling from this Court, based on the record presented from informal discovery, on coverage and liability issues as it pertains to the PLUP Policy. It does not appear, however, that the parties are in agreement on what they deem it appropriate for this Court to address. Given this procedural setting, the Court cannot address the potential liability issues relative to the PLUP Policy.

asserts that "there is no evidence that he was intoxicated or was likely to drive while intoxicated." (ECF No. 53-1 at 19; ECF No. 67 at 7.) Thus, it claims it is entitled to judgment as a matter of law. (ECF No. 53-1 at 19.) On the other hand, the moving Defendants argue that the doctrine of negligent entrustment is not so limited and that the doctrine has been described in several South Carolina cases in broader terms which could allow for a negligent entrustment case, for example, for knowledge of poor driving habits or the like. (ECF No. 64 at 6.)

The Court has reviewed the cases cited by the parties and has independently reviewed the case law on the subject matter to discern the state of the law on this issue. To sum the point, as the Honorable Henry M. Herlong has noted, it appears that the "South Carolina Supreme Court has never determined whether the negligent entrustment factors set forth in *Gadson* limit the claim in South Carolina to situations only involving an intoxicated driver." *Becker v. Estes Exp. Lines, Inc.*, No. CIV.A. 8:07-715-HMH, 2008 WL 701388, at *2–3 (D.S.C. Mar. 13, 2008) (considering *Gadson* and status of South Carolina law on negligent entrustment). Instead, in *Gadson*, the South Carolina Supreme Court only stated that it declined to adopt a broader definition of negligent entrustment as set forth in the Restatement based on the set of facts before the Court. Gadson, 374 S.C. at 177, 648 S.E.2d at 588; *see also Speer v. Ardovini*, No. CV 4:08-18-TLW-TER, 2010 WL 11531445, at *5 (D.S.C. Aug. 9, 2010) ("This Court finds that these cases are sufficient to establish that South Carolina case law permits a claim for negligent entrustment where intoxicants are not involved.")

Likewise, this Court declines to find that South Carolina courts have so limited negligent entrustment claims to situations involving an owner's entrustment of a vehicle to an intoxicated driver. Further, the Court declines to assess LaDonna and Robert Campbell's knowledge, whether alcohol or recklessness caused the accident, or decide LaDonna and Robert Campbell's

potential liability for negligent entrustment. Those factual matters are directly at issue in the state tort action referenced above. For the reasons set forth above concerning State Farm's claim for liability on the issue of the Family Purpose Doctrine, and for the reasons set forth more specifically herein concerning the state of the law on negligent entrustment, the motion for summary judgment on the negligent entrustment issue is denied.

## **CONCLUSION**

For the reasons stated above, State Farm's Motion for Summary Judgment (ECF No. 53) is GRANTED in part and DENIED in part. For the reason stated above, the Court declares that, under the terms of the PLUP SC Policy and South Carolina law, James Campbell is not an "insured" under LaDonna and Robert Campbell's PLUP SC Policy, and grants the motion in that regard. All other relief sought in the Motion for Summary Judgment is expressly denied and the Court declines to make any further declarations at this time.

IT IS SO DECLARED AND ORDERED.

/s/ A. Marvin Quattlebaum, Jr.
United States District Judge

July 17, 2018
Greenville, South Carolina